# Elmore *v.* Simon & Bro.

## *Trover.*

1. *Amended complaint; filed without leave of court.*—When, in an action of trover commenced before a justice of the peace, the plaintiff files, without leave of the court, an amended complaint containing a count in case, it is error to strike such amended complaint from the files.

2. *Trover; what necessary to maintain, and when mortgagee can not maintain.* The plaintiff, to maintain trover, must have at the time of suit brought, either the absolute or a qualified property in the chattels alleged to have been converted, and the right to immediate possession; but a mortgagee has not this right, when, by the mortgage, he is only authorized to take possession of the property after default, or the law day of the mortgage.

3. *Mortgage of unplanted crop conveys only equitable title.*—A mortgage of an unplanted crop conveys only an equitable title which will not support trover, detinue, or trespass.

APPEAL from Montgomery Circuit Court.

Tried before Hon. J. Q. SMITH.

This was an action of trover brought on October 1st, 1879, by Frank H. Elmore against J. Simon & Bro., and was commenced before John B. Fuller, Esq., a justice of the peace of Montgomery county. The complaint, which was in the form prescribed by the Code for actions of trover, claimed damages for the conversion of a bale of cotton, on which the plaintiff held a mortgage. This mortgage contained a stipulation that, "in the event, we, (the mortgagors), shall fail or refuse to deliver twenty-five hundred pounds of lint cotton . . . to said Elmore, . . on or before the 15th day of September, 1879, then, and in that event, the said Elmore or his agents, are authorized and empowered to enter upon, seize and take into possession said crops of cotton, &c., and sell them." The mortgage was executed January 22, 1879. The justice rendered a judgment against the defendants, who, thereupon, took the case, by appeal, to the Circuit Court. When the cause was called for trial, the defendants moved the court to strike from the files an amended complaint which had been filed, on the day before, by the plaintiff, but without the leave of the court. This amended complaint contained a count in case on the same cause of action as that on which the original complaint was founded. The court granted this motion, and plaintiff excepted. The case was tried by the court, without the intervention of a jury, on an agreed statement of facts. It appeared from the statement

[Elmore v. Simon & Bro.]

that the defendants purchased the bale of cotton in contro-
versy from Frank Simon, on September 9th, 1879, for $47, its
fair value, and without any knowledge of the existence of
plaintiff's mortgage ; that the cotton sued for was embraced
in the mortgage ; that out of the proceeds of its sale to de-
fendants the landlord had received $25 in payment of rent ;
that the plaintiff had realized no money from said cotton,
and that he could not collect his debt out of the other prop-
erty embraced in the mortgage ; that plaintiff made a de-
mand on defendants for the cotton before bringing suit, and
they replied that they had sold it.   There was a judgment
for the defendants.   The errors assigned are, the rendition
of the judgment, and the action of the court in striking the
amended complaint from the files.

GUNTER & BLAKEY, for appellant.—The amendment of the.
complaint should have been allowed.—*Schuessler & Co. v.
Wilson*, 56 Ala. 516.   The fact that it was filed without leave
of the court could make no difference, for if the amendment
was proper in itself, the court was bound to grant leave to
file it.   The amendment was a sufficient count in case, and
trover and case may be joined.—*Dixon v. Barclay*, 22 Ala.
370.   In the absence of a reservation of possession in a
mortgage the possession follows the title, and could be taken
even before the law day.—*Booker v. Jones' Adm'r*, 55 Ala. 274;
*Ellington v. Charleston*, 51 Ala. 168.   There was no such res-
ervation in the mortgage before the court.   The stipulation
in the mortgage that Elmore could take possession of the
mortgage property after default did not amount to a reser-
vation of title.   The case upon which appellees rely, (*Smith
v. Taylor*, 9 Ala. 637), seems to assert the contrary, but it is
mere dictum, and is in conflict with an array of cases extend-
ing from *Duval v. McCloskey*, 1 Ala. 737, to *Toomer, Sykes &
Billups v. Randolph*, 60 Ala. 360.   Bat, even if the mortgage
contained such a reservation, the plaintiff, appellant, may
recover, for the mortgagor held possession as a *quasi* bailee
under the mortgage, for the title was in the latter, and the
bailment was terminated by the sale.—*Whitney v. Lowell*, 33
Me. 318 ; Herman on Chattel Mortgages, § 71.   If a mort-
gage is to be any protection to a creditor, he should be per-
mitted to recover under the facts shown, either in case, or in
trover.

RICE & WILEY, for appellees.—The amendment to the
complaint was filed without leave of the court, and was prop-
perly stricken from the files.   A court of record has power
to protect its files by striking therefrom anything which was

[Elmore v. Simon & Bro.]

not rightfully placed upon them.—Code, § 3156. To maintain trover there must be a right to the property, general or special, and possession or the immediate right of possession. *Webster v. Jones*, 55 Ala. — ; *Kemp v. Thompson*, 17 Ala. 9. *Trover* will not lie for property converted *before* the law day of the mortgage, where the mortgage provided, that after default of payment the mortgagee might enter; the possession by legal intendment and presumption being in the mortgagor. Where a mortgage provides that after default of payment the mortgagee might enter, the mortgagor is entitled to possession until such default.—*Smith v. Taylor*, 9 Ala. 633 ; *Desha, Sheppard & Co. v. Scales*, 6 Ala. 360 ; *Hathaway v. Brayman*, 42 New York R. (Court of Appeals, Hand), 322. The case last above-cited, 42 New York, is exactly in point, and we invite the attention of the Court particularly to it.

SOMERVILLE, J.—This case, having been first tried by a justice of the peace, was taken by appeal to the Circuit Court, and was there tried, by written consent of the parties, without the intervention of a jury.—Code, 1876, §§ 3029-30. The papers sent up from the justice's court disclosed an action of trover for one bale of cotton, the complaint being in substantial compliance with the form prescribed by the Code. The plaintiff filed with the clerk of the Circuit Court what purported to be an amended complaint, which was a count in case, based on the same cause of action. This was done without leave of court, and on motion of the defendant was stricken from the files by the court.

We think this was error. The statute is studied in its avoidance of all technicalities in such trials. It provides that such cases shall be "tried according to equity and justice without regard to any defect in the summons or other process before the justice."—Code, 1876, § 3121. It was both the right and duty of the plaintiff to file a statement of his cause of action before proceeding to trial. No leave of court was requisite for this purpose. A judgment by default rendered without it would constitute error for which judgment would be reversed in the appellate court.—*Arundale v. Moore*, 42 Ala. 482. Though called an "amended complaint," it was clearly designed to be taken as a statement of his cause of action, in connection with the count in trover disclosed by the original papers. The court ought to so have considered it, and as *trover* and *case* may be properly joined, it was error to strike this statement from the file of papers in the cause. *Schuessler & Co. v. Wilson*, 56 Ala. 516 ; 1 Chitty Plead. 200 ; *Dixon v. Barclay*, 22 Ala. 370.

[Turner v. Flinn et al.]

In order to maintain the action of *trover* the plaintiff must have a property in the goods, alleged to be converted, absolute or qualified, with the immediate right of possession at the time of suit being instituted.  This right is not possessed by a mortgagee until after default, or the law day, where a stipulation in the mortgage authorizes him to seize or take possession only after such date or event.—*Ellington v. Charleston*, 51 Ala. 166 ; Herman on Chat. Mort. § 71 ; *Hathaway v. Brayman*, (42 N. Y. 322), 11 Amer. Rep. 524 ; *Ring v. Neale*, (114 Mass. 111), 19 Amer. Rep. 316.  The terms of the mortgage in this case expressly postponed the right of the mortgagee to take possession of the mortgaged property until the 15th day of September, 1879, which was after the conversion of the cotton by the defendants.

The mortgage in this case is dated January 22, 1879, and the cotton in controversy was not at that time either planted or growing.  It was, therefore, the conveyance of a crop not *in esse*, but to be produced only in *futuro*.  The decisions of this court uniformly hold that such a mortgage does not convey a legal but only an equitable title to the cotton, and that it will not support an action of trover, detinue or trespass. *Grant v. Steiner*, 65 Ala. 499 ; *Rees v. Coots*, 65 Ala. 256, where the authorities are fully cited.

The judgment of the Circuit Court is reversed, and the cause remanded.