# Lytle *et al.* v. Bowdon.

*Action of Assumpsit for Money had and Received.*

1. *Assumpsit for money had and received - may be predicated on equitable title.*—A mortagee of an unplanted crop acquires an equitable title sufficient to support the equitable action of assumpsit for money had and received.

2. *Same; lies only where the property is converted into money or sufficient time has elapsed to raise that inference.*—The action for money had and received will not lie to recover the value of property unless there is evidence that the property has been sold and the money, or its equivalent, received, or, unless sufficient time has elapsed to raise the inference that it has been converted into money—which inference is, under all the evidence, a question for the jury.

3. *Same; charge as to burden of proof.* –A charge requested by the defendant in an action of assumpsit by the mortgagee of a crop against a purchaser from the mortgagor, that, "it is encumbent on the plaintiff to show that defendant had sold the cotton and received the money for it, or its equivalent," is calculated to mislead and its refusal is not error, where there was no positive, direct evidence of a sale, and the cotton was purchased in the fall of 1890, and the suit brought in June 1891.—(*Smith, Poley & Co. v. Jernigan*, 83 Ala, 256, distinguished.)

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

This was an action of assumpsit for money had and received brought by the appellee, Samuel Bowdon, against the appellants, R. A. Lytle & Co. The facts of the case are sufficiently stated in the opinion.

There was judgment for the plaintiff. Defendants ap-

peal, and assign as error the refusal of the court to give to the jury the two charges requested by them.

J. M. ESPEY, for the appellants.—There was no proof that the mortgagor had any interest in the land at the time of the execution of the mortgage. Hence he had no mortgageable interest in cotton received by appellants at the time of the execution of the mortgage, and the first charge requested by appellants should have been given.—*Paden & Co. v. Bellenger & Ralls,* 87 Ala. 575; *Varnum v. State,* 78 Ala. 30; *Mayer v. Taylor,* 69 Ala. 403; *Grant v. Steiner,* 65 Ala. 499. There is no proof to show that appellants ever received one cent from the cotton received by them from the mortgagor. For this reason both the first and second charges requested by appellants should have been given.—*Moody v. Walker;* 89 Ala. 619; *Thompson v. Merrimon,* 15 Ala. 166; *Price v. Pickett,* 21 Ala. 741; *Hussey v. Peeples,* 53 Ala. 432; *Westmoreland v. Foster,* 60 Ala. 448.

PEARCE & PACE for the appellee.—The only question that arises is, had sufficient time elapsed from the date of getting possession of the cotton to the time of institution of suit, with the concurrence of circumstances, to justify the inference that it had been converted into money. If so, then this action could be sustained by the plaintiff, without proof of actual sale, or the actual receipt of money or its equivalent.—Green. on Evidence, 117; 1 Brick. p. 140, § 74; *Moody v. Walker,* 89 Ala. 619.

If the defendant disposed of the property by sale, and there is the reception of money, or the equivalent of the price or value of the chattel converted, this action is maintainable.—*Fielder Ex'r v. Childs,* 73 Ala. 577; *Miller Adm'r v. King,* 67 Ala. 575; *Snodgrass v. Coulson,* 90 Ala. 347; *Potts v. First Nat. Bank,* 14 So. Rep. 663.

The second charge requested by the defendants was misleading in its tendency and was properly refused by the court. It is too exacting in its requirements. It is common knowledge that when cotton is bought by a merchant it is retained by him but a short while before disposing of it. When the plaintiff shows that the defendants bought the cotton and that about eight months had elapsed before suit brought the inference would

naturally arise that they had disposed of it in the usual or customary way and the plaintiff would be entitled to judgment although he has not proved an actual sale for money or its equivalent.

COLEMAN. J.—In the latter part of November, 1889, one Cameron executed a mortgage, which was duly recorded, on his crop of cotton to be grown the following year, to Samuel Bowdon. There was evidence tending to show that the appellants purchased a bale of cotton raised by the mortgagor on lands which belonged to his sister, but upon which the mortgagor had resided for about four years. There was no positive and direct evidence that the defendant had sold the bale of cotton or received anything in exchange for it. The plaintiff sued in assumpsit for money had and received. The cotton was purchased and received by Lytle & Co. in the fall of the year 1890, and the present action was commenced in June, 1891. The defendant requested the court, to charge the jury, 1st, that if the jury believed the evidence, their verdict should be for the defendant; and, second, that it was incumbent on the plaintiff to show, that Lytle & Co. had sold the cotton and received the money for it, or its equivalent. These charges were refused. The mortgagee did not under the mortgage acquire the legal title to the cotton, so as to enable him to maintain trover or detinue; *Paden & Co. v. Bellenger*, 87 Ala. 575; *Mayer v. Taylor*, 69 Ala. 403; *Grant v. Steiner*, 65 Ala. 499; but he acquired an equitable title sufficient to support the equitable action of assumpsit for money had and received.—1 Brick. Dig. 140, § 72. The action for money had and received will not lie to recover the value of property, unless there is evidence, that the property has been sold and the money received, or its equivalent, or *unless a sufficient time has elapsed to raise the inference that it has been converted into money.—Moody v. Walker*, 89 Ala. 619; 1 Brick. Dig., p. 140, § 73. What is a sufficient time to raise such an inference is a question of fact for the jury under all the attending circumstances. Lytle & Co. were merchants. They purchased the cotton in the fall of the year 1890. The suit was instituted in June 1891. It was for the jury to say whether there had been a conversion of the cotton into money or its equivalent. There was evidence which authorized the

jury to infer that the cotton had been converted into money. The second charge requested was calculated to mislead the jury and there was no error in refusing it. The first charge was properly refused, on the facts of the case. The case of *Smith, Poley & Co. v. Jernigan*, 83 Ala. 256, was an action on an account for the value of the logs rather than for money had and received, and the action began *immediately* upon the conversion of the logs. The tort was waived, and the defendant treated as a pur-chaser of the logs.

Affirmed.