[Alabama Mineral Land Co. v. The State.]

# Alabama Mineral Land Co. *v.* The State.

*Proceedings to enforce Assessment and Collection of Escaped Taxes.*

1. *Taxation; assessment and collection of escaped taxes; burden of proof.*—In a proceeding to enforce the assessment and collection of escaped taxes, where the items involved are solvent credits for a particular year, upon the State showing that on the first day of January of said year, the tax payer owned solvent credits to the amount of the assessment sought to be enforced, and that said credits were not listed for taxes during said year, nor at any time thereafter, a *prima facie* case is made out, and in order to be allowed the deduction provided by the statute, the burden is upon the tax payer to show that he owed debts to an amount greater than the solvent credits upon the first day of January of each of said years; and this burden is not met and discharged by proof that during said year the defendant owed debts to an amount greater than the amount of the solvent credits assessed against him.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

The tax commissioner assessed against the Alabama Mineral Land Company as escaped taxes for the years 1893 and 1894, solvent credits amounting to $5,000 for each year. This assessment was made in the year 1898. After citation the said Alabama Mineral Land Company appeared before the Commissioners Court and resisted such assessment. Judgment was rendered in said court fixing the solvent credits owned by the Alabama Mineral Land Company for the years 1893 and 1894, which had not been returned by said company for taxes at $2,500 for each year. From this judgment the State appealed to the circuit court. In the circuit court issue was formed in accordance with the provisions of the law, and the plaintiff proved that on the

1st day of January of each of the years 1893 and 1894, the defendant company owned solvent credits of the amount of $2,500, and that said solvent credits were not listed by the defendant for taxation during either of said years or at any time thereafter, and were assessed by the State, through the tax commissioner, to the defendant as escaped taxes.

The defendant's evidence showed that during each of the said years 1893 and 1894, "it owed debts to an amount greater than $2,500, and that when, in the year 1898 the tax commissioner called on it for the assessment of solvent credits as escapes for the said year, the defendant informed the tax commissioner that said solvent credits had been owned by it during said year and that they had not been listed, because defendant owed debts to an amount greater than the said credits during each of said years," and that defendant, therefore, declined to assess its said solvent credits for the said two years. This was all the evidence introduced on the trial of the case.

The court at the request of the State gave to the jury the following written charge: "The court charges the jury that if they believe the evidence in this case they will find the issues in favor of the plaintiff." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the general affirmative charge requested by it.

There was a verdict in favor of the State, and judgment was accordingly rendered, reciting that the solvent credits of the value of $2,500 were properly assessed against the defendant for taxes and that the State recover of the defendant the taxes due thereon for said two years. From this judgment the defendant appeals, and assigns as error the giving of the charge requested by the plaintiff, and the refusal to give the charge requested by the defendant, and the rendition of judgment in favor of the plaintiff.

BLACKWELL & KEITH, for appellant, cited *Ala. Gold Life Ins. v. Lott,* 54 Ala. 504.

[Alabama Mineral Land Co. v. The State.]

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The tax commissioner assessed against the defendant as escaped taxes for the years 1893 and 1894 solvent credits to the amount of $5,000 for each year. When the State made the proof that on the 1st day of January of each of these years, the defendant owned solvent credits to the amount of $2,500, and that these credits were not listed by the defendant for taxation during either of these years, nor at any time thereafter, and they had been assessed as escaped taxes, it made out a *prima facie* case. The burden was then shifted to the defendant to show, if it owed debts to an amount equal to or greater than $2,500 upon the 1st day of January of each of said years. It is true subdivision 7 of section 453 of the Code of 1886 provides that "all moneyed capital, that is, all money loaned and solvent credits, or credits of value, from which credits the indebtedness of the tax-payer shall be deducted and the excess only shall be taxed," etc. However, as to whether the tax-payer is entitled to the deduction must depend upon the existence of the indebtedness on the 1st day of January. —Code of 1886, § 473. And in order for him to get the benefit of the deduction, he would have to show the amount and extent of his indebtedness on that day. The statute makes the deduction, in terms, but the existence and amount of the indebtedness must of necessity be shown in order to determine the right to the deduction—in order to determine there is an excess to be taxed or there is no excess subject to taxation. As the tax-payer has peculiar knowledge of the existence of his indebtedness, and its extent, and as the allowance of the deduction is exclusively for his benefit, the *onus* is upon him to show his right to it. Mere proof that *during* the years 1893 and 1894 the defendant owed debts to an amount greater than the amount of the insolvent credits assessed against it falls short of discharging this *onus*. *Non constat*, the defendant may have contracted the indebtedness sought to be deducted after the 1st day of January of each of these years.

Affirmed.