# Johnson *v.* Wilson & Co.

*Action of Trespass and Trover.*

1. *Action of trover; what necessary to maintain suit.*—To support an action of trover, the right to the property and the possession thereof, or the immediate right of possession, must concur in the plaintiff at the time of the conversion.

2. *Action of trespass; what necessary to maintain suit.*—In order to maintain an action of trespass for the wrongful taking of personal property, the plaintiff must show that he had, at the time of taking, actual possession of the property or the right of immediate possession.

3. *Action of trespass and trover; what necessary to show when plaintiff's claim rests on a mortgage; burden of proof.*—When, in an action of trespass or of trover, when the plaintiff's title to the property involved, rests upon a mortgage given to secure a promissory note and by the terms of said mortgage the right of plaintiff to take possession of the property is postponed until the maturity of the note, the plaintiff can not maintain said action for the conversion or the taking of the property until after the law day of the mortgage; and in such case, the burden is upon the plaintiff to show that the conversion or taking occurred after his right to take possession under the mortgage accrued.

4. *Registration of mortgage; no notice when executed in assumed name.*—The recordation of a mortgage executed in the name of "A. W. D." constitutes no notice that "J. W. D.," which was the real name of the mortgagor, executed such mortgage.

5. *Action of trover and trespass; admissibility of evidence.*—In an action of trover or trespass, where the plaintiff and the defendant each derives his title from the same person by virtue of a mortgage executed by said person, but the mortgage

[Johnson v. Wilson & Co.]

to the defendant was executed under an assumed name, the mortgage to the defendant is not admissible in evidence, nor is it competent for the defendant to prove that he sold the property included in said mortgage to the mortgagor.

6. *Agency; when acts or declarations of agent not binding upon principal.*—The acts and declarations of a mere collecting agent, in recognition of an adverse claim or right, are not binding as against the principal, unless expressly authorized or subsequently ratified.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. ED. B. ALMON.

This action was brought by the appellees, Wilson & Company, a partnership, against the appellant, Richard Johnson. The complaint contained four counts. Two of the counts were in trover and sought to recover damages for the unlawful and wrongful conversion by the defendant to his own use of cotton, a mule and some cattle. The other two counts of the complaint were in trespass, and sought to recover damages for the alleged wrongful taking by the defendant of cotton, a mule and some cattle, alleged to have been the property of the plaintiff.

The defendant pleaded the general issue, and by special pleas set up that he had a mortgage on the property sued for, which was executed to him by J. W. Dixon under the name of A. W. Dixon, which mortgage had been duly executed and recorded before said J. W. Dixon executed his mortgage to the plaintiffs, under which the plaintiffs claim. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

KIRK, CARMICHAEL & RATHER, for appellant.—The recording of mortgages is a statutory requirement and must be complied with, where one seeks to protect himself against subsequent mortgages and conveyances. The statute of registration is intended primarily to furnish protection to the mortgagee, and this can only be

[Johnson v. Wilson & Co.]

done by compliance with the mandate of the statute. Code, §§ 991, 999; *Merritt v. Phenis*, 48 Ala. 87; *Turner v. McFee*, 61 Ala. 468.

It has been decided repeatedly that a man may bind himself by signing an assumed name to commercial papers.—*Crafton Bank v. Flanders*, 4 N. H. 239; *Weehl Probasco Co. v. G. P. Robinson*, 39 L. R. A. 423.

In taking possession of the property under a mortgage valid as between Dixon and Johnson, he, Johnson, was exercising a right and could not be charged in trespass for such taking.—*Street v. Sinclair*, 71 Ala. 110; *Steiner Bros. v. Tranum*, 98 Ala. 315; *Burns v. Campbell*, 71 Ala. 271.

W. H. KEY, *contra.*— One who after executing a mortgage under an assumed name or fictitious name, remaining in possession of the property, conveys to another in his right name, conveys such title in his right name as will prevail over that in which he used the fictitious name.—*Mackey v. Cole*, 79 Wis. 426, cited in 24 L. R. A. 546. See also 39 L. R. A., 424.

In order that registration may be constructive notice, it must be made in substantial conformity to the statutory requirements.—*Pollak v. Davidson*, 87 Ala. 555; 1 Jones on Mortgages, § 532; 5 Stewart & Porter, 215; 2 Porter, 24.

TYSON, J.—The complaint contains four counts — two of them in trover and two in trespass. To support the counts in trover the right of property, general or special, and possession, or an immediate right of possession, must concur in the plaintiff at the time of the conversion.—*Corbitt v. Reynolds*, 68 Ala. 378; *Elmore v. Simon*, 67 Ala. 526; *Booker v. Jones*, 55 Ala. 266. So, too, in order to maintain trespass for the taking of personal property the plaintiff must show that he had at the time of the taking the actual possession of it or the right of immediate possession.—*Cook v. Thornton*, 109 Ala. 523.

The mortgages upon which the plaintiffs relied as

the source of their title and upon which they predicate their right to the possession of the property, were made to secure the payment of two promissory nates, each payable on the 1st day of November, 1901. By their terms the right of the plaintiffs to take possession of the property was postponed until the maturity of the notes. This being true, the plaintiffs cannot maintain this action for the conversion or taking of property by defendant before the law day of the mortgage.—*Elmore v. Simon, supra; Fields v. Copeland*, 121 Ala. 644. And unquestionably the burden was upon the plaintiffs to show that the conversion or taking occurred after their right accrued to take possession under the mortgages. In other words, they must establish their right of possession of the property at the time it was converted or taken by defendant. This they utterly failed to do. It is true, it was shown that a portion of the cotton alleged to have been converted or taken by defendant, was received by him in November, but on what day of that month is not shown. *Non constat* it was received by him on the first day.—*Ala. Min. Land Co. v. The State*, 126 Ala. 90. If so, the mortgagor had not made default since he was entitled to the whole of that day in which to discharge his debt. So then the plaintiffs having failed to discharge the burden of proof that was upon them the defendant was entitled to have the affirmative charge requested by him given, and this, too, without regard to which of them had the best claim to the property.

It may be that upon another trial, the plaintiffs may prove the conversion or taking by defendant of some of the property after the law day of their mortgages. In that event, the contest will be as to which of them has the superior title to the property. Both claim to have derived their title from one J. W. Dixon and both by virtue of mortgages, executed by him. The defendant acquired his mortgage on December 10th, 1900, which was filed for record on the 14th day of the same month. The signature to that mortgage is "A. W. Dixon" although it was in fact executed by "J. W." The plaintiffs' mortgages were executed in the spring of 1901 and executed by Dixon in his true name. It is not contended that the plaintiffs had actual notice of the defendant's mortgage

or that they are not purchasers for value. The question is, are they chargeable with constructive notice of the mortgage held by defendant by reason of its recordation.

"Conveyances of personal property to secure debts or to provide indemnity are inoperative against creditors and purchasers without notice until recorded," etc., etc. Code, § 1099. And the recording of such a conveyance in the proper office operates as notice of its contents. Code, § 991.

It may be and doubtless is true that the mortgage executed by J. W. Dixon to the defendant under the assumed name of A. W. Dixon is a valid conveyance *inter partes*, but it does not follow from this, that the plaintiffs who subsequently purchased it from Dixon under his true name are chargeable with constructive notice of the mortgage which was recorded correctly. In other words, the record of a mortgage executed in the name of A. W. Dixon is not notice that J. W. Dixon executed it. The names are as entirely different as are the names of J. W. Dixon and J. W. Smith. Had Dixon assumed the name of J. W. Smith and executed the mortgage signing that name instead of his true name, it could hardly be doubted, although he bound himself, that the record of it would not have operated as notice to the plaintiffs.—*Mackey v. Cole*, 79 Wis. 426; *Phillips v. McKaig*, 36 Neb. 853.

The case of *Fincher v. Hanegan*, 24 L. R. A. 543, cited by appellant's counsel only involved a mistake in the initial letter of the middle name of the mortgagor. In that case the mortgagor executed the first mortgage by his true Christian name and surname. The court held that the middle letter was immaterial as the law recognizes but one Christian name. It is, therefore, not an authority upon the question here involved, if abstractly sound, of which we express no opinion.

The mortgage offered in evidence by defendant was properly excluded. Nor did the court commit an error in excluding the fact that defendant sold the mule to Dixon and that the mortgage held by him was given for the purchase price of the mule. The mortgage being inoperative as against the plaintiffs, it was immaterial

how or from whom Dixon acquired the mule. He had the title to it and when he executed the mortgages to the plaintiffs, they, being *bona fide* purchasers for value, acquired the title and are entitled to recover in the action if the conversion or taking by defendant took place after the law day of their mortgages. In making this statement, we have not overlooked the contention that the plaintiff's agent consented to the taking of the property by defendant. We do not construe the testimony as showing such an assent on the part of the agent. But even if it is susceptible of such an inference, he was under the testimony, clearly without authority to make it so as to bind his principals. He was a mere collecting agent and could relinquish no rights of theirs or recognize any adverse claim without their express authority. *Bynum v. Southern Pump & Pipe Co.*, 63 Ala. 462; *M. & G. R. R. Co. v. Cogsbill*, 85 Ala. 456.

Reversed and remanded.