[Young v. Hall.]

# Young *v.* Hall.

*Assumpsit and Case.*

(Decided April 9, 1912. 58 South. 789.)

*Chattel Mortgages; Lien; Future Crop.*—In order to create a lien by mortgaging the crop to be grown the succeeding year, the mortgagor must have, at the time of giving the mortgage, an interest in the land on which the crop is to be grown the succeeding year, and this is not the case where he is under rental contract with the owner of the land for the year previous to the year in which the crop is to be grown, and has not at the time made any arrangement or had any understanding with the owner in regard to renting or cultivating the land for the following year.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. P. Hall, against Reuben Young, revived on his death in the name of the administrator, for money had and received, and for the destruction of a mortgage lien. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STREET & ISBELL, for appellant. At the time the mortgage was made in the year 1908, the mortgagor had no interest whatever in the land for the year 1909, and hence, his mortgage of crops to be grown on that land the succeeding year fastened no lien upon such crops. To do so, the mortgagor must have some interest in the land at the time of the giving of the mortgage.—*Paden v. Bellinger & Rawls,* 87 Ala. 575; *Keith & Hamm,* 89 Ala. 590; 6 Cyc. 1048; 19 L. R. A. (N. S.) 1910.

E. O. McCORD and THOMAS E. ORR, for appellee. The mortgagor was in possession at the time the mortgage was given, and continued in possession until after the crops were produced, and hence, his mortgage created a lien upon the crops.—*Lytle v. Bowdoin,* 107 Ala.

363; *Wyndham & Co. v. Stevenson,* 156 Ala. 341; *Karter v. Fields,* 121 Ala. 329; s. c. 140 Ala. 207.

WALKER, P. J.—The claim of the plaintiff (the appellee here) was rested upon several crop mortgages made to him by one Heaton during the year 1908, and another such mortgage made to him by the same person and his wife in February, 1909. In January, 1909, Heaton made to the appellant's intestate a similar mortgage, which was recorded before the last-mentioned mortgage to the appellee was executed. In order for the appellee's claim to part of Heaton's 1909 crop to be supported by a crop mortgage made in 1908, the mortgagor must have had, at the time that mortgage was given, such an interest in the land upon which the crop was grown as to entitle him to mortgage the crops to be grown thereon in the year 1909, as the rule is established in this state that a mortgage on crops to be grown in the future does not create a specific lien upon such crops unless at the time of the execution of the mortgage the mortgagor owned or had some interest in the land upon which the crops were grown.—*Windham & Co. v. Stephenson & Alexander,* 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; *McNeill v. Henderson & Hill,* 1 Ala. App. 405, 55 South. 269. There was evidence tending to show that when Heaton made the mortgages in 1908 he was in the possession, under a rental contract for that year alone, of land of one Cash, on which he made the crop of that year, and that at that time he had made no arrangement and had no understanding with Cash in regard to the rent or cultivation of any of his land in the year 1909; in other words, it was not until after the 1908 mortgage had been executed that Heaton acquired the right to cultivate the land of Cash upon which the 1909 crop was made.

[Young v. Hall.]

The counsel for the appellee refer to the decision in the case of *Lytle et al v. Bowdon,* 107 Ala. 361, 18 South. 130, as furnishing some support for the contention that the facts that Heaton was a tenant of Cash when he made a mortgage in 1908, purporting to cover the crops made by him in that county during that year and in each succeeding year until the mortgage should be paid, and that, without any change of location, he became Cash's tenant for 1909, were enough to make that mortgage cover any crop that he made on the same place in 1909, though only part of the land on which the 1909 crop was made was rented or cultivated by Heaton in 1908, and at the time he made the mortgage in 1908 he had no arrangement or understanding with Cash for the rent or cultivation of any land in 1909. Certainly no such proposition was asserted by the court in the opinion rendered in that case; and the facts of the case as disclosed by the report of it do not show that any such proposition was involved in the decision rendered. The report of the case give no indication of the nature of the mortgagor's holding of the land on which the crop there in question was grown, further than that it was land belonging to his sister, upon which he had resided about four years. For anything appearing to the contrary, his possession at the time the mortgage was made, covering his crop to be grown the following year may have been under a lease of the land running beyond that year. Nothing in the report of the case suggests that the question of the sufficiency of the mortgagor's interest in the land to make effective his mortgage of the crop to be grown on it during the following year was in any way raised or passed upon.

The rulings made in that case have no bearing on the question arising on the state of facts above mentioned as to Heaton's having the requisite interest to make his

1908 mortgages, or any of them, effective to cover the crop made by him in 1909. It is not made to appear that at the time those mortgages were made he had any kind of estate or interest in any part of the land on which the 1909 crop was made, beyond what he had acquired by virtue of his rental contract for 1908. At that time he did not have even an understanding with the landlord upon which to base a belief, hope, or expectation that he would be permitted to occupy or cultivate any of the land during the next year. A tenant, by virtue of his rental contract from the time of its execution, is vested with such a present right to or in whatever the rented land may produce during the term of the tenancy that he may mortgage or otherwise convey his interest in crops to be grown in the future within that period. But the possession of such a tenant confers upon him no interest whatever in crops to be grown on the land after the expiration of his term. Under the rules stated in the decisions first above referred to, it seems plain that at the time Heaton made the mortgages in 1908 he was lacking in the requisite interest in the land to make them effective as against the crop grown by him in 1909. Several of the rulings of the trial court were inconsistent with this conclusion.

Reversed and remanded.