### FRASER v. R. W. ALLEN & CO.
### (5 Div. 404.)

(Court of Appeals of Alabama. Oct. 24, 1922. Rehearing Granted Nov. 28, 1922.)

**1. Pleading ☞248(1)—Limitations on power to amend complaint stated.**

Under Code 1907, § 5367, relating to amendments, the only limitation is that there must not be an entire change of either parties plaintiff or defendant, nor an entire new cause of action, nor will an amendment be allowed which will authorize a recovery upon a cause of action accruing subsequently to the institution of the suit, nor which will add a cause of action barred by limitations at the time of the amendment, nor the addition of a count which will create a misjoinder of causes of action in the same complaint.

**2. Pleading ☞248(9)—Declaration in trover amendable by adding county in case.**

A declaration in trover can be amended by adding a count in case.

**3. Pleading ☞248(9)—Complaint for trover held amendable by addition of count in case.**

A complaint in one count for conversion of cotton *held* subject to amendment by adding a count in case.

**4. Appeal and error ☞1041(2)—Refusal to permit amendment of complaint in conversion by addition of count in case held harmless error.**

Refusal to allow amendment of a complaint for conversion by addition of a count in case *held* harmless error, where at the time of the motion for amendment the facts showed that the question of exemplary damages was not involved, and that the count in trover was all that was necessary to determine all the rights of both parties.

**5. Trial ☞142, 143—When general charge improper stated.**

Where there is a conflict in the evidence as to a material fact, or where the evidence is of that character that it will authorize a reasonable inference of a material fact negativing the right of recovery of the party requesting the general charge, the general charge should never be given.

### On Rehearing.

**6. Chattel mortgages ☞177(1)—Legal title with possession or immediate right of possession held essential to trover.**

Where by the terms of a mortgage mortgagee did not have a right to take possession before maturity of the note, he could not sue for conversion before the note matured, since to support his action plaintiff as a condition precedent must have had at the time of the alleged conversion, not only legal title, but also possession or immediate right of possession.

**7. Chattel mortgages ☞129, 159—Mortgage invests mortgagee with mortgagor's title and right of possession.**

A mortgage of personal property invests the mortgagee with the mortgagor's title, and this, unless the parties otherwise stipulate, draws to it the right of possession thereof.

Appeal from Circuit Court, Chambers County; Lum Duke, Judge.

Action in trover by Joe T. Fraser against R. W. Allen & Co. From a judgment for defendants, plaintiff appeals. Affirmed.

Over plaintiff's objection, M. W. Allen, one of the defendants, was permitted to testify as follows:

"Well, the custom was about this, I would solicit Mr. Busbee's fertilizer business, trade with him if I could, and I usually did. We would agree on the price, and that was about all there was to it, except he would send his wagon and get it as he needed it, and send the different tenants and different hands. We would try to charge each load to each separate hand he sent. * * * So we could make settlement; that is about all there is to it. This particular year he and I arrived on a trade for fertilizers; yes, sir; before that time, not necessarily all that he would use, but as much as [he] would be good enough to buy from us; the way the fertilizer was moved out was a hand, a driver, would drive up in front of our store and come in and call for a ticket for fertilizer from the warehouse. We would give him an order to the warehouse, and he would go on and take his load and go on home."

Hooton & Hooton, of Roanoke, for appellant.

The plaintiff's motion to amend his complaint should have been allowed. 73 Ala. 595; 25 Ala. 320, 60 Am. Dec. 521; Code 1907, §§ 5366, 5370; 111 Ala. 258, 19 South. 995; 67 Ala. 526. A mortgage upon an unplanted crop, given after the 1st day of January of the year that the crop is grown, passes the legal title to such mortgaged crop. Code 1907, § 4894; 111 Ala. 390, 21 South. 346; 127 Ala. 352, 28 South. 716. The evidence of Allen was immaterial and inadmis-

sible. 136 Ala. 221, 33 South. 935; 138 Ala. 333, 35 South. 325.

J. A. Hines, of La Fayette, and James W. Strother, of Dadeville, for appellees.

The allowance of amendments to complaint is within the discretion of the court. 177 Ala. 389, 58 South. 910; 2 Port. 386; 2 Ala. 320; 166 Ala. 413, 51 South. 976; 140 Ala. 444, 37 South. 270. All relevant testimony tended to show that appellant's claim was based on a mortgage, which was subordinate to the claim of the landlord's lien, and the general charge was correctly given for appellees. 15 Ala. 276; 19 Ala. 691; 42 Ala. 431; 57 Ala. 253; 56 Ala. 558. To maintain trover, plaintiff must have at the time of conversion general or special title to the property and immediate right of possession. 153 Ala. 360, 45 South. 206; 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52; 147 Ala. 653, 41 South. 664. A mortgagee cannot maintain trover for conversion of property mortgaged before the law day of the mortgage, where the right to take possession is postponed until the maturity of the mortgage debt. 137 Ala. 471, 34 South. 392, 97 Am. St. Rep. 52; 121 Ala. 644, 26 South. 491; 67 Ala. 526.

BRICKEN, P. J. [1] Section 5367 of the Code 1907, relating to amendments, provides, among other things, that the trial court must permit the amendments of the complaint by striking out or adding new counts or statement of the cause of action, which could have been included in the original complaint so long as they refer to the same transaction, property, title, and parties as the original; and our decisions have made use of the expression that the amendment should be allowed, unless the cause of action was entirely new. In other words, the only limitation upon amendments, under our statute, is that there must not be an entire change of either parties plaintiff or defendant, nor an entire new cause of action, nor will an amendment be allowed which will authorize a recovery upon a cause of action accruing subsequently to the institution of the suit, nor the adding of a cause of action barred by the statute of limitations at the time of the amendment, nor the addition of a count which will create a misjoinder of causes of action in the same complaint. With these limitations, the right of amendment cannot be denied. Mobile Life Ins. Co. v. Randall, 74 Ala. 170.

[2] A declaration in trover can be amended by adding a count in case. Elmore v. Simon, 67 Ala. 526.

In the instant case the original complaint consisted of one count only, and was for the conversion of one bale of cotton. Pending the trial, and before the jury retired, plaintiff was denied the right to amend the complaint by adding a count in case, based upon the same transaction, to which ruling of the court plaintiff excepted.

[3, 4] Under the rule above announced the plaintiff should have been allowed the right to amend his complaint, but the court will not be put in error because of this ruling, for the reason that, under the facts already developed at the time of the motion, it clearly appeared that the question of exemplary damages was not involved, and that the count in trover was all that was necessary to present plaintiff's cause of action, and was all the pleading necessary to determine all of the rights of both parties.

Plaintiff, appellant here, brought suit as mortgagee; the mortgage being upon the crops of one Earnest Allen and grown by him on the lands of J. T. Huckaby during the year 1919. The evidence was without dispute that the mortgage was duly executed and recorded, that it was unpaid, and that it covered the identical bale of cotton in controversy.

[5] The defendants, appellees here, contended that they had furnished mortgagor, Allen, with fertilizer at the instance and request of Huckaby, the landlord of Allen, and claimed right to the cotton under the landlord's lien of Huckaby. It thus became a question of fact for the determination of the jury, for, while there was some evidence to sustain the plea of defendant, it was by no means conclusive; Huckaby, the landlord, having testified, among other things:

"I have no recollection of any trade or agreement at all with Allen & Co., to let Earnest Allen have fertilizer in 1919." "I did not make any trade at all about furnishing Earnest Allen any fertilizer. I have no recollection of saying anything to Earnest Allen about guano at all."

The testimony of the defendants themselves on this question was very vague and uncertain, and, taken as a whole, the evidence adduced, seeking to sustain defendants' plea, is not of that clear and undisputed character which would justify the court in giving the affirmative charge. As before stated, there was a conflict in the evidence, and the question should have been referred to the jury. The rule is that, where there is a conflict in the evidence as to a material fact, or where the evidence is of that character that it will authorize a reasonable inference of a material fact negativing the right of recovery of the party requesting the general charge, in such cases the general charge should never be given.

A material question involved upon the trial of this case was the actual occurrence, trade, or agreement, if any, between the landlord, Huckaby, and defendants, Allen & Co., as to their furnishing for him to Earnest Allen, his tenant, the fertilizer in question, and the inquiry as to the custom between these parties in former years was of very doubtful propriety. The court should have, by its rul-

ings, confined the inquiry to the facts in issue upon this trial.

The court erred in giving the affirmative charge for defendants. The judgment appealed from is therefore reversed, and the cause remanded.

Reversed and remanded.

### On Rehearing.

[6] Appellant's counsel are correct in their insistence that the questions relied upon by appellee on rehearing are now presented for the first time. Ordinarily, this fact would of itself necessitate denial of the application, but the fact remains that the affirmative charge given at the instance of defendant by the court below was properly given, as the plaintiff failed to meet the necessary burden in order to support his complaint of one count, which, as before stated, was for the conversion of one bale of cotton. To support this complaint and maintain this action, as a condition precedent, the plaintiff at the time of the alleged conversion must have had, not only the legal title to the cotton in question, but must have had also the possession thereof, or an immediate right of possession thereto.

The mortgage upon which plaintiff relied as his source of title was made to secure the payment of a note due and payable on November 1, 1919, and by its terms the right to take possession of the property, by the plaintiff, did not exist until the maturity of the note. The alleged conversion of the cotton, by appellees, is shown without dispute to have occurred on or about October 8, 1919, which was before the maturity of the note and the law day of the mortgage, and, this being true, the plaintiff could not maintain this action for the reasons stated.

In other words, the burden was upon the plaintiff to show that the conversion of the cotton in question occurred after his right accrued to take possession under the mortgage, and it was incumbent upon him, in order to recover in this action, to establish his right of possession of the bale of cotton at the time of the alleged conversion. This he failed to do; therefore the defendants in the court below were entitled to the affirmative charge requested in writing, and this, too, without regard to which of the parties had the best claim to the property. Johnson v. Wilson, 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52.

[7] A mortgage of personal property, at law effects to invest the mortgagee with the mortgagor's title to the property described, and this, unless the parties otherwise stipulate, draws to it the right of possession thereof. It is the right of the parties to order the possession, pending the maturity of the indebtedness, as they see fit, and by the provisions of the mortgage here, the one under which appellant claimed, it is clear that the right of the mortgagee to the possession of the property (cotton) could not be asserted until default in the payment of the note upon its maturity. 3 Ency. Dig. Ala. Reports, § 89, p. 83.

Whatever right the plaintiff, appellant here, may have in the premises, cannot be determined in an action of trover because of the fact that at the time of the alleged conversion it appears without dispute that he had neither the actual possession of the cotton nor the right of immediate possession thereto.

The application for rehearing must of necessity be granted. The former order reversing and remanding the cause set aside, and the judgment appealed from affirmed.

Application granted.

Affirmed.