### W. B. SMITH & SONS v. GAY et al.
### (7 Div. 15.)

(Court of Appeals of Alabama.   Aug. 11, 1925.
Rehearing Denied Oct. 27, 1925.)

**1. Chattel mortgages ⟨key⟩117—Mortgage on crops conveyed title thereto for 1919 and created a lien on crops grown on land for subsequent years.**

Mortgage on crops grown during year 1919, and each successive year thereafter until indebtedness secured thereby was paid, conveyed title to crops for 1919 and created a lien on crops grown on land for subsequent years, where mortgagor was owner of the land on which crops were grown; Code 1923, § 9008, not affecting conveyances executed before August 17, 1924.

**2. Chattel mortgages ⟨key⟩177(1)—Mortgagee had no such title in crops as would sustain an action in trover for conversion thereof.**

Under mortgage on crops grown during year 1919 and each successive year thereafter until indebtedness secured thereby was paid, mortgagee had no such title in crops as would sustain an action in trover for conversion thereof, where none of crops was raised during year 1919.

**3. Appeal and error ⟨key⟩1061(4)—Trial ⟨key⟩145—Defendant entitled on request to instructions that plaintiff may not recover on count not supported by undisputed facts, and refusal to give it will constitute reversible error.**

Where undisputed facts in the case do not support a particular count in a complaint, defendant is entitled upon written request to instructions that plaintiff may not have a recovery on such count, and refusal to give such instruction will constitute reversible error.

**4. Trial ⟨key⟩253(1)—Charge that, if jury believed the evidence, defendant was entitled to verdict under count I of complaint, held properly refused as misleading.**

Charge that, if jury believed the evidence, defendant was entitled to verdict under count 1 of complaint, held properly refused as misleading, where there were several counts in complaint, some of which were supported by the evidence.

**5. Chattel mortgages ⟨key⟩177(1)—Complaint held not demurrable for not averring in what way defendants delayed mortgagees' enforcement of their lien on cotton.**

Complaint in action for destruction of mortgagees' lien on cotton held to state a cause of action, and not to be demurrable in that it was not averred in what way defendants hindered and delayed plaintiffs in enforcement of such lien.

**6. Chattel mortgages ⟨key⟩177(2)—Complaint held not demurrable in that no action in case lies for destruction of a mortgage lien.**

Complaint in action for destruction of mortgagees' lien on cotton held to state a cause of action, and not to be demurrable in that a mortgage conveys legal title and no action in case lies for destruction of a lien thereunder.

**7. Chattel mortgages ⟨key⟩177(2)—Complaint held not demurrable for not averring that defendants removed mortgaged cotton so that mortgagees could not get possession thereof.**

Complaint in action for destruction of mortgagees' lien on cotton held not demurrable for not averring that defendants removed cotton so that mortgagees could not get possession of same, and that manner of removal was not averred.

**8. Chattel mortgages ⟨key⟩177(2)—Complaint held not demurrable in that it did not appear that mortgaged cotton was not in possession of defendants.**

Complaint in action for destruction of mortgagees' lien on cotton held to state a cause of action, and not to be demurrable, in that it did not appear that cotton was not in possession of defendants at time suit was filed.

**9. Limitation of actions ⟨key⟩127(8)—Action for destruction of mortgagees' lien on cotton not barred by limitations by addition of counts for money had and received.**

Action for destruction of mortgagees' lien on cotton held not barred by the statute of limitations of one year under Code 1923, § 8944, subd. 3, by the addition of counts for money had and received, growing out of the same transaction and which could have been included in the original complaint, since such amendments related back to the commencement of the suit, in view of section 9513.

**10. Limitation of actions ⟨key⟩127(8)—Pleading ⟨key⟩245(3)—Complaint for destruction of lien created by equitable mortgage may be amended by adding counts for money had and received.**

Under Code 1923, § 9513, complaint, claiming in case for destruction of a lien created by an equitable mortgage, may be amended at time of trial by adding counts for money had and received, growing out of same transaction and which could have been included in original complaint and such amendments relate back to commencement of suit.

**11. Evidence ⟨key⟩375—Plaintiff held properly allowed to prove that mortgagor signed mortgage, where it was shown that he was dead.**

In action for destruction of mortgagees' lien on cotton, it having been shown that mortgagor was dead, plaintiff held properly allowed to prove that mortgagor signed mortgage.

**12. Chattel mortgages ⟨key⟩17—Mortgages ⟨key⟩193—Title of mortgagor in possession, stated; mortgage on crops conveys either legal title or equitable lien where mortgagor is in possession of land.**

Mortgagor in possession of land is, as to all the world except mortgagee, the owner, and, until default, has such a potential interest in the land as that prior to Code 1923, § 9008, a mortgage on crops growing or to be grown thereon conveys either legal title or an equitable lien, as facts may establish.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**13. Chattel mortgages ⬤⇒37—Proof that mortgagor owned land during certain years, or that he had such an interest as would fix a lien on crops grown on the land, held relevant.**

In action for destruction of mortgagees' lien on cotton, which mortgage covered mortgagor's crops grown during year 1919 and each successive year thereafter until indebtedness secured thereby was paid, proof that mortgagor owned land during years 1919 and 1920, or that he had such interest as would fix lien on crops grown on land during years subsequent to year mortgage was given, was relevant.

**14. Appeal and error ⬤⇒231(3), 241—General objection and motion to exclude evidence subject to specific objection are properly overruled.**

General objection and motion to exclude evidence which is subject to specific objection are properly overruled.

**15. Chattel mortgages ⬤⇒17—Proof that mortgagor of crops had mortgaged land to others held irrelevant.**

In action for destruction of mortgagees' lien on cotton, proof that mortgagor had mortgaged the land on which cotton was grown to others was irrelevant, since he was as to all the world except mortgagee the owner and entitled to possession.

**16. Chattel mortgages ⬤⇒177(3)—Proof that warehouse had shipped mortgaged cotton on order of defendant held relevant.**

In action for destruction of mortgagees' lien on cotton, proof that warehouse had shipped such cotton on order of defendant was relevant.

**17. Chattel mortgages ⬤⇒177(3)—Proof of value of mortgaged cotton at time it was shipped on order of defendant held relevant.**

In action for destruction of mortgagees' lien on cotton, proof of value of cotton at time it was shipped on order of defendant was relevant.

**18. Chattel mortgages ⬤⇒177(3)—Exclusion of proof of bona fide division of crops between mortgagor and one claiming lien of laborer, and that cotton sold to defendant was such part thereof, held erroneous.**

In action for destruction of mortgagees' lien on cotton under mortgage, covering crops grown by mortgagor during 1919 and each successive year thereafter until indebtedness secured thereby was paid, exclusion of proof that there was a bona fide division of crops of 1920 between mortgagor and another in payment of latter's lien as a laborer, under Code 1907, § 4743, which lien under section 4734 is paramount to all other liens, and that cotton sold to defendant was such part of the crops, *held* erroneous.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by S. J. Gay and another against W. B. Smith & Sons. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Count 1 is in trover, for the conversion of cotton. Counts 2 and 3 are as follows:

"(2) The plaintiffs claim of the defendants $400 for damages, for that the plaintiffs had a lien on one bale of cotton weighing 455 pounds, warehouse No. 2055, one bale of cotton weighing 462 pounds, warehouse No. 2076, one bale of cotton weighing 520 pounds, warehouse No. 3480, one bale of cotton weighing 493 pounds, warehouse No. 2314, and one bale of cotton weighing 400 pounds, warehouse No. 2259, by one mortgage executed to the plaintiffs by J. E. Brooks, which mortgage was given on, to wit, January 25, 1919, and recorded in the office of the judge of probate of Clay county, Ala., on, to wit, January 28, 1919, in Mortgage Record 56, page 299, and plaintiffs aver that said cotton was raised by said J. E. Brooks or by his tenants on his place in Clay county, Ala., and plaintiffs aver that the defendants, with notice of plaintiffs' lien, removed said cotton or disposed of the same and refused, after demand by the plaintiffs, to return and deliver said cotton to the plaintiffs, but on the contrary removed the same and converted it to their own use without the consent of the plaintiffs, thereby hindering and delaying the plaintiffs in the enforcement of the lien on the said cotton, and by reason of the action of the said defendants the plaintiffs aver that they failed in the collection of their mortgage to the amount of $400 as aforesaid, and plaintiffs aver that there is yet due and unpaid upon the above-named mortgage of J. E. Brooks, covering all crops raised by him and by his tenants for the years 1919 and 1920, the sum of $400.

"(3) Plaintiff adopts all of count 2 down to and including the words, 'Converted it to their own use without the consent of the plaintiffs,' and adds thereto the following: 'And by reason of which action of the defendants the plaintiffs were unable to enforce their liens upon said cotton, and same was lost to the plaintiffs by reason of the defendants' action to plaintiffs' loss of, to wit, $400, as aforesaid, wherefore they sue.'"

To these counts defendants demurred as follows:

"(8) For that it is not averred in what way the defendants hindered and delayed the plaintiffs in the enforcement of their alleged lien on said cotton.

"(9) For that under the laws of this state a mortgage conveys legal title and no action in case lies for the destruction of a lien in a suit on a mortgage which conveys legal title.

"(10) It is not averred in said count (s) that the defendants removed said cotton so that they could not get possession of same by legal process or otherwise, and it is not averred how, when, or where defendants removed said cotton.

"(11) From aught that appears from count 2 (and count 3) of the complaint, said cotton was still in the possession of the defendants at the time this suit was filed."

On the trial, plaintiffs, over the objection of defendants, amended their complaint by adding counts 4, 5, and 6, for money had and received.

Walter S. Smith, of Lineville, for appellants.

To support trover, plaintiffs must have had, at the time of the alleged conversion, not only legal title, but also possession, or the immediate right of possession. Lineville Bank v. Weaver, 16 Ala. App. 431, 78 So. 461. Counts 2 and 3 were subject to grounds 8 to 11 of the demurrer. Windham v. Stephenson, 156 Ala. 344, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; Griffis v. Wilson, 18 Ala. App. 449, 92 So. 908. Amendment of the complaint, by adding counts for money had and received, was improperly allowed. Fraser v. R. W. Allen & Co., 19 Ala. App. 55, 94 So. 783. Defendants should have been permitted to show that legal title to the land involved was in the Federal Land Bank. Sellers v. Hardaway, 188 Ala. 388, 66 So. 460; Gilliland v. Pond, 189 Ala. 542, 66 So. 480; Alexander v. Garland, 209 Ala. 267, 96 So. 138. Testimony to the effect that the tenant of plaintiffs' mortgagor had a lien on the cotton, and turned his part of it over to defendants, should have been admitted. Code 1907, § 4743; Beck v. Crow, 204 Ala. 295, 85 So. 489; Marlowe v. Rogers, 102 Ala. 510, 14 So. 790; Compton v. Sims, 209 Ala. 287, 96 So. 186; Willard v. Cox, 9 Ala. App. 439, 63 So. 781; Sivley & Son v. Moore, 20 Ala. App. 269, 101 So. 513; Gay & Bruce v. Smith & Sons, 211 Ala. 358, 100 So. 634.

Jas. W. Strother, of Dadeville, and Pruet & Glass and E. P. Gay, all of Ashland, for appellees.

Counts 2 and 3 were not subject to demurrer. Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am. St. Rep. 789. Amendment of the complaint, by adding counts 4, 5, and 6, was proper. Code 1923, § 9513; Elmore v. Simon, 67 Ala. 526; Fraser v. Allen, 19 Ala. App. 55, 94 So. 783; Birmingham v. Shirley, 209 Ala. 305, 96 So. 214. Plaintiffs were properly permitted to show that Brooks signed the mortgage and that he was in possession of the land. Karr v. State, 106 Ala. 1, 17 So. 328; Gibson v. Furniture Co., 96 Ala. 357, 11 So. 365; Ballard v. Mayfield, 107 Ala. 396, 18 So. 29; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Broughton v. Powell, 52 Ala. 123.

SAMFORD, J. [1] One Brooks, in January, 1919, executed a mortgage to plaintiff on his crops grown during the year 1919 and each successive year thereafter until the indebtedness secured thereby was paid. Brooks being the owner of the land upon which the crops were grown, such mortgage conveyed the title to the crops for 1919, and created a lien on the crops grown on the land for subsequent years. Truss v. Harvey, 120 Ala. 636, 24 So. 927. Since the adoption of the Code of 1923, § 9008, a different rule obtains, but the present statute does not affect conveyances executed before August 17, 1924.

[2, 3] Under the facts as disclosed by the record, none of the cotton, the subject-matter of this suit, was raised during the year 1919. That being the case, the plaintiff had no such title in the cotton as would sustain an action in trover, as claimed in the first count of the complaint. As to the first count defendant requested in writing the following charge:

"If the jury believe the evidence in this case, you must find a verdict for defendants under count 1 of the complaint."

It seems from the decision of the Supreme Court that, where the undisputed facts in a case do not support a particular count in a complaint the defendant is entitled, upon written request, to instructions that plaintiff may not have a recovery on such count. L. & N. R. R. v. Davis, 91 Ala. 487, 8 So. 552; Cunninghame v. Herring, 195 Ala. 469, 70 So. 148. Refusal to give such instruction will constitute reversible error. Authorities supra.

[4] But where there are several counts in a complaint, some of which are supported by evidence, charges framed, as the one here considered, are misleading and properly refused. So. Ry. Co. v. Kendall, 14 Ala. App. 242, 69 So. 328; City of Birmingham v. Poole, 169 Ala. 177, 52 So. 937; L. & N. R. R. v. Sandlin, 125 Ala. 585, 28 So. 40.

[5-8] Counts 2 and 3 state a substantial cause of action for the destruction of plaintiffs' lien, under the mortgage named, and these counts are not subject to the eighth, ninth, tenth, and eleventh grounds of demurrer as insisted by appellant. Bolling v. Kirby, 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789. Authorities cited by appellant are not in point, the facts in those cases being different from the allegations here.

[9] The various contentions of appellant based upon the claim that plaintiffs' suit is barred by the statute of limitations of one year are not tenable. Code 1923, § 8944, subdiv. 3; Underhill, etc., v. Mobile Fire Dept., 67 Ala. 45.

[10] Under our statute, a complaint claiming in case for the destruction of a lien created by an equitable mortgage may be amended at the time of trial by adding counts for money had and received, growing out of the same transaction and which could have been included in the original complaint and such amendments relate back to the commencement of the suit. Code 1923, § 9513; Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655; Elmore v. Simon, 67 Ala. 526; Fraser v. Allen Co., 19 Ala. App. 55, 94 So.

7S3; City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214.

[11] It having been shown that J. E. Brooks was dead, there was no error in allowing appellee to prove that Brooks signed the instrument which was the foundation of the suit. Karr v. State, 106 Ala. 1, 17 So. 328; Gibson v. Furniture Co., 96 Ala. 357, 11 So. 365.

[12-14] A mortgagor in possession of land is, as to all the world except the mortgagee, the owner, and until default has such a potential interest in the land, as that a mortgage on the crops growing or to be grown on such land conveys either the legal title or an equitable lien (law is different under present Code), as the facts may establish. Hence it was relevant for plaintiff to prove that Brooks owned the land during the years 1919 and 1920, or that he had such interest as would fix a lien on the crops grown on the land during years subsequent to the year the mortgage was given. Hurst v. Bell & Co., 72 Ala. 336; Winston v. Farrow (Ala. Sup.) 40 So. 53; Young v. Hall, 4 Ala. App. 603. 58 So. 789. The objection and motion to exclude were general and were properly overruled.

[15] The mortgagor of land is as to all the world, except the mortgagee, the owner and entitled to the possession, and hence testimony tending to prove that Brooks had mortgaged the land to the Federal Land Bank or to anybody else was irrelevant and immaterial.

[16, 17] It was relevant testimony that the warehouse had shipped the cotton, the subject-matter of this suit, on the order of defendant, and it was also relevant to prove its value at the time the cotton was shipped.

[18] Under the evidence as disclosed by this record, Brooks, the mortgagor of plaintiff, owned the land, and Carlisle, the mortgagor of defendants, cultivated the land of Brooks on halves, under such circumstances and facts as to bring the parties under the influence of section 4743 of the Code of 1907. The cotton, the subject-matter of this suit, was raised by Carlisle and sold and delivered to defendants and applied on the mortgages due by Carlisle to defendants, one of which mortgages was guaranteed by Brooks. Defendants offered to prove that there was a division of the crops raised by Carlisle, and that the cotton here sued for was the part belonging to Carlisle and subject to defendant's mortgage, and that the same had been turned over to Carlisle in satisfaction of the lien as declared in favor of the laborer under section 4743 of the Code of 1907. Objection by plaintiff to this evidence was sustained. The case at bar is somewhat different from Gillespie v. Bartlett & Byers, 211 Ala. 560, 100 So. 858, and Gay & Bruce v. Smith & Sons, 211 Ala. 358, 100 So. 634,

and yet there is a similarity sufficient to be persuasive to the conclusion that the court was in error in declining to admit the evidence offered. The plaintiff as to the crops of 1920, was a mere lienholder, recorded it is true. But Carlisle was a lienholder, who brought the property into existence, with a lien on a parity with that of a landlord, which under section 4734 of the Code of 1907 is paramount to all other liens. The owner of the land could not defeat the workman's lien by giving a mortgage on the crops in 1920, and it would indeed be an anomaly to say that a mortgage given by the landowner in 1919 and before the contract of hire had been entered into would convey such title as to be superior to the laborer who worked and made the crops in 1920. If therefore there was a bona fide division of the crops of 1920 between Brooks and Carlisle in payment of the lien of Carlisle, and the cotton sold to defendants was this part of the crops, the defendants would not be liable. The trial court erred to a reversal in its several rulings covered by the various exceptions presenting this proposition.

The other questions will probably not arise on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.