(110 So. 57)

### J. G. SMITH & SONS v. HOWELL et al.
### (8 Div. 441.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

**1. Chattel mortgages ⬤⟿229(1).**

Purchaser of mortgaged cotton, in action of trover by mortgagee, is entitled to affirmative charge on mortgagee's failure to show conversion was after law day of mortgage.

**2. Chattel mortgages ⬤⟿229(3).**

Mortgagee, suing for conversion of mortgaged cotton, has burden of showing that conversion occurred after accrual of his right to take possession under mortgage.

**3. Chattel mortgages ⬤⟿229(3).**

Proof of purchase of mortgaged cotton in fall of 1919 does not affirmatively show an alleged conversion, by purchasers, after law day of mortgage, due October 1, 1919.

**4. Trover and conversion ⬤⟿54.**

Action of trover being ex delicto, attorney's fee is not proper item of damages.

---

**5. Trover and conversion ⬅➡44.**

Measure of damages in trover is ordinarily value of property at time of conversion, with interest, in absence of evidence of fluctuations in value.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Action in trover by J. G. Smith & Sons against J. R., J. T., and J. W. Howell. From a judgment for defendants, plaintiffs appeal. Affirmed.

Travis Williams, of Russellville, for appellants.

Counsel discusses the questions raised, but without citing authorities.

G. O. Chenault, of Albany, for appellees.

In order to maintain trover, plaintiffs must have had a general or special right of property, and possession or immediate right of possession. Heflin v. Slay, 78 Ala. 184; Johnson v. Wilson, 137 Ala. 470, 34 So. 392, 97 Am. St. Rep. 52; Dixie Fertilizer Co. v. Teasley, 14 Ala. App. 284, 69 So. 988.

BRICKEN, P. J. Action of trover by the mortgagee of cotton against the purchaser of the cotton from the mortgagor.

[1, 2] The defendants were entitled to the affirmative charge because of the failure on the part of the plaintiffs to show affirmatively that the act of conversion was after the law day of the mortgage; in other words, the burden was upon the plaintiffs to show that the conversion of the cotton in question occurred after his right accrued to take possession under the mortgage, and it was incumbent upon him, in order to recover in this action, to establish his right of possession of the bale of cotton at the time of the alleged conversion. This he failed to do; therefore, as stated, the defendants were entitled to the affirmative charge requested in writing, and this, too, without regard to which of the parties had the best claim to the property. Johnson v. Wilson, 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52; Fraser v. R. W. Allen & Co., 19 Ala. App. 55, 94 So. 782; Thrasher v. Neeley, 196 Ala. 576, 72 So. 115.

[3] The record shows that the mortgage was due and payable October 1, 1919, and that the defendants purchased the cotton from the mortgagor in the fall of 1919. This might have been either before or after plaintiffs' right to possession accrued.

[4, 5] Appellant complains of the action of the trial court in striking from the complaint his claim for attorney's fees. This was not a proper item of damage in this action ex delicto. The proper measure of damage in trover is ordinarily the value of the property at the time of the conversion, with interest; this in the absence of evidence of fluctuations in value. No exception was taken to the charge of the court with respect to the measure of damage.

The judgment appealed from is affirmed.

Affirmed.