316 So.2d 710

**Jimmie L. THORNTON**

v.

**STATE.**

**3 Div. 346.**

Court of Criminal Appeals of Alabama.

June 30, 1975.

Rehearing Denied July 29, 1975.

John W. Davis, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

**464**

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, pursuant to an indictment for second degree burglary and grand larceny, was convicted by a jury, which returned a general verdict. He was sentenced by the court to three years imprisonment in the penitentiary.

The burglarized building was a building material supply house where concrete blocks were manufactured and sold. According to Albert Green, an employee and foreman at the plant, he visited the premises about 12:20 or 12:25 a. m. on April 12, 1974, at which time he surprised two men in the building who fled the scene. One man went out a broken window through which entry into the building was obtained.

The witness, on direct examination, made an in-court identification of the defendant, but offered no testimony nor was

he asked about a line-up identification. Later, on redirect examination, he testified about the lineup.

It appears that a Chevrolet automobile, with engine running, was near the broken window. This car had the switch keys in it. The car was registered in the name of the defendant, who at the trial admitted ownership, but contended the automobile was stolen from the parking area near his apartment and that he did not place the automobile at or near the plant. He denied guilt of the burglary and asserted an alibi by several witnesses including himself.

I

Appellant asserts error by the court in admitting evidence by Officer L. G. Rutland over his objection for that (a) there was no voir dire examination of this officer outside the presence of the jury, and (b) that defendant was not represented by counsel at the lineup.

In answer to the contention concerning the voir dire examination, the defendant did not seek or request a voir dire examination. He simply objected to the evidence without stating any grounds therefor. There was no ruling denying voir dire and nothing for the Court to review. *Watkins v. State,* 50 Ala.App. 111, 277 So.2d 385 (1973).

With respect to the contention concerning the defendant not being represented by counsel at the lineup, the lineup occurred before any formal charges were placed against the defendant who came to the police station early in the morning of April 12, 1974, and before any critical stage of accusation had been reached. Defendant came to the police station to report the theft of his automobile (the one at the plant) and was detained during an investigation of the burglary. Under these circumstances, he was not then entitled to counsel. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411.

## II

■ The State, on redirect examination, asked witness Albert Green why James Vines (a company salesman) kept the money in "that box," which was the subject of the larceny. The defendant contends that this question called for a mental operation on the part of Mr. Green. Such evidence is admissible. *Low v. Low,* 255 Ala. 536, 52 So.2d 218, and other cases of similar import, holding to the contrary, were overruled in *Starr v. Starr,* 293 Ala. 204, 301 So.2d 78.

## III

As we understand the record, it was the contention of the State that there were two or three packets of keys, in each of which was a switch key for the Chevrolet found at the scene of the burglary; that the witness Horace Thornton had one packet in his possession the night of the burglary; that another packet was in existence.

On direct examination, the witness, Horace Thornton, testified that he had one set in his possession on the night of the burglary; that at an earlier time, he had the red set found in the Chevrolet.

This evidence tended to show that two sets existed—one in possession of the witness and the other in the Chevrolet.

On redirect examination (Tr. p. 141), Detective Rutland was asked by the District Attorney if he asked Horace Thornton how many keys Jimmy Lee Thornton had to the Chevrolet. The witness answered: "He said he had two sets of keys, he thought."

On recross examination, the defendant's attorney asked the witness:

"Q. Detective Rutland, Horace Thornton told you that that—He said he thought Jimmy Lee—He thought Jimmy Lee had two sets of keys?

"A. Yes, sir, that is what he stated."

We fail to see any injury to the defendant. The witness had already testified without objection as follows:

"Q. Didn't you give him a statement when he said, how many sets of keys does Jimmy have to the Chevrolet? And you answered, two? Didn't you tell him that?

"A. Huh-uh."

■ As we view the record, there was no attempt to prove by hearsay that the defendant on the night of the burglary was in possession of this set of keys found in the Chevrolet.

## IV

The last and final contention of error concerns the admission into evidence of certain physical articles; namely, Exhibits 9, 10, 11, 12, 13 and 14.

Exhibit 10 was a red jacket which the State's evidence tended to show defendant was wearing when he was seen fleeing from the scene. Exhibits 11 and 12 were brown envelopes which contained the keys. Exhibits 13 and 14 were the two sets of keys that were introduced.

It appears on Tr. p. 58 that the defendant objected to State's Exhibit 10 (a red jacket) which the State offered in evidence.

The objection read:

"MR. HANEY: For the record, Your Honor, we offer State's Exhibit Number Nine and Ten at this time.

"MR. DAVIS: We object to them, Judge. No one at all has said they took those photographs and for that reason, we will object to them being in evidence.

"THE COURT: Overrule the objection.

"(Whereupon, a metal box having previously been marked for identification as State's Exhibit Number Nine was received into evidence, and an article of clothing having previously been marked for

identification as State's Exhibit Number Ten was received into evidence.)"

 It is to be noted that the objection was general and referred to a photograph. It was not a photograph. This left the general objection without grounds. Therefore, when objection to evidence is general, specifying no grounds, as here, the ruling of the trial court admitting the evidence will not be reversed unless the matter is clearly not proper for any purpose. *McKinley Music Company v. Lewis*, 17 Ala.App. 370, 84 So. 858. General objection to evidence subject to specific objection is properly overruled. *W. B. Smith & Sons v. Gay*, 21 Ala.App. 130, 106 So. 214. It appears that the jacket was relevant to the defendant's identity as the burglar. There was no specific objection to admission of the jacket. We will not hold the court erred in overruling the general objection thereto.

The defendant objected to Exhibits 12 and 13, which were the keys. The objection reads:

"MR. HANEY: We offer State's Exhibits Number Thirteen and Twelve in evidence at this time.

"MR. DAVIS: We object, Your Honor. First of all, the State has failed to establish a chain of custody to these keys, much less the point of time in question. The D. A. stood here and opened these packages himself, and we think all of this is improper and this evidence should not be introduced."

The defendant admitted that Exhibit 13 was the keys that he brought to the police station that night. The brown envelope containing the keys did not shed any light on the guilt or innocence of the defendant, but was used to contain the keys. There was no error in admitting the envelope.

We find no prejudicial ruling by the court.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.