43 So.3d 547 (2009)
Ex parte Davian Rashaud COOPER.
(In re Davian Rashaud Cooper v. State of Alabama).
1080364.
Supreme Court of Alabama.
June 26, 2009.
David K. Hogg of Hogg & North, LLC, Dothan, for petitioner.
Troy King, atty. gen., and Stephanie E. Reiland, asst. atty. gen., for respondent.
STUART, Justice.
On July 27, 2006, Davian Rashaud Cooper was arrested and charged with several counts of first-degree robbery, violations of § 13A-8-41, Ala. Code 1975. That same day, after he had been advised of his Miranda[1] rights and had acknowledged and signed a waiver-of-rights form, Cooper made two statements to law-enforcement officers. An initial-appearance hearing was conducted, and on July 28, 2006, an attorney was appointed to represent Cooper. On August 1, 2006, Cooper made a third statement to law-enforcement officers and admitted his participation in the charged offenses. On October 21, 2006, Cooper was indicted for four counts of first-degree robbery.
*548 Before his trial, Cooper moved to suppress the statement he made on August 1. He argued that that statement was made while he was represented by counsel, that counsel was not present when he made the statement, and that "there was no waiver of the right to counsel" before he made the statement. The trial court denied Cooper's motion to suppress and admitted the August 1 statement at trial. Cooper was convicted of four counts of first-degree robbery and was sentenced to 25 years' imprisonment for each conviction.
Cooper appealed to the Court of Criminal Appeals, arguing that the trial court erred in admitting into evidence his August 1 statement. Specifically, he contended that because an attorney had been appointed to represent him when he made the August 1 statement, his Sixth Amendment right to counsel had attached and his right to have counsel present while he was interviewed was violated. Cooper conceded before the Court of Criminal Appeals that the Alabama Supreme Court had already rejected the same argument in Ex parte Stewart, 853 So.2d 901 (Ala.2002). In an unpublished memorandum, the Court of Criminal Appeals, recognizing that that court was bound by the decision of this Court, affirmed Cooper's convictions, holding that the trial court had not erred in admitting Cooper's August 1 statement at trial. Cooper v. State (No. CR-07-0498, September 19, 2008), 27 So.3d 628 (Ala.Crim.App.2008)(table).
Cooper petitioned this Court for certiorari review, and we granted the writ to address the sole question whether in light of the United States Supreme Court's decision in Rothgery v. Gillespie County, Texas, 554 U.S. 191, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008), this Court must overrule Ex parte Stewart, supra.
In Ex parte Stewart, this Court addressed whether a defendant's Sixth Amendment right to counsel attached at the initial appearance. Stewart was charged with first-degree robbery. The district court conducted an initial appearance, pursuant to Rule 4.4, Ala. R.Crim. P., and appointed counsel from the public defender's office to represent Stewart. Stewart, unable to post bail, remained in jail. Before his preliminary hearing, two police officers interviewed Stewart. The officers informed Stewart of his Miranda rights and Stewart signed a waiver of his Miranda rights. During the interview, Stewart confessed to committing the robbery. Before his trial, Stewart moved to suppress his confession on the ground that his Sixth Amendment right to counsel was violated because, although counsel had been appointed to represent him, he was questioned without counsel being present. Arguing that the initial appearance began adversarial proceedings against him, Stewart maintained that his Sixth Amendment right to counsel attached at that time and that counsel should have been present at the interview. The trial court denied his motion. The Court of Criminal Appeals, in an unpublished memorandum, affirmed the trial court's judgment, holding that Stewart's Sixth Amendment right to counsel had not attached at the initial appearance and, consequently, that his Sixth Amendment rights were not violated when law-enforcement officers questioned him without counsel present after counsel had been appointed to represent him. Stewart v. State (No. CR-00-2136, February 22, 2002), 854 So.2d 1217 (Ala.Crim.App.2002)(table).
Stewart then petitioned this Court, and we granted certiorari review to consider whether a defendant's Sixth Amendment right to counsel attaches at an initial hearing. This Court recognized the holding of the United States Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 *549 L.Ed.2d 411 (1972), that the right to counsel did not attach before the "initiation of adversary criminal proceedings" and that, even when the Sixth Amendment right to counsel attached, it did not protect the defendant at all postattachment proceedings, unless the proceeding constituted a "critical stage." We further recognized that at an initial appearance, conducted pursuant to Rule 4.4, Ala. R.Crim. P., the court informed the defendant of the charges against him or her and of the defendant's right to representation by counsel, right to remain silent, and right to a preliminary hearing. We held that the right to counsel did not attach at the initial appearance, stating:
"The Sixth Amendment right to counsel attaches only after the commencement of adverse judicial criminal proceedings against the defendant. Because an initial appearance is an informational proceeding designed to protect the rights of the accused and does not constitute a `critical' pretrial proceeding, the right to counsel does not attach at that time."
Ex parte Stewart, 853 So.2d at 905.
In Rothgery, the United States Supreme Court considered whether a defendant's right to counsel attached at a proceeding before a magistrate conducted pursuant to the Texas Code of Criminal Procedure, Art. 14.06(a). At this proceeding a probable-cause determination is made, bail is set, and a defendant is informed of the accusation against him or her. The United States Supreme Court held that a defendant's right to counsel attached at this initial appearance, stating:
"Attachment occurs when the government has used the judicial machinery to signal a commitment to prosecute .... Once attachment occurs, the accused at least is entitled to the presence of appointed counsel during any `critical stage' of the postattachment proceedings; what makes a stage critical is what shows the need for counsel's presence. ...
"....
"... [A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel."
554 U.S. at ___, 128 S.Ct. at 2591-92. With this holding, the United States Supreme Court unequivocally defined the point at which a defendant's right to counsel attaches in criminal proceedings.
In light of the fact that in Alabama the defendant is informed of the charges against him or her and the conditions of release are determined at an initial appearance, see Rule 4.4, Ala. R.Crim. P., we must overrule Ex parte Stewart to the extent that it states that a defendant's Sixth Amendment right to counsel does not attach at the initial appearance. In accordance with Rothgery, we hold that a defendant's Sixth Amendment right to counsel attaches at the initial appearance.
However, as the United States Supreme Court recognized in Rothgery, in practice Alabama is consistent with the principles set forth in Rothgery with regard to "when" the defendant must be informed of his or her right to either retained or appointed counsel. In Rothgery, the United States Supreme Court held that "counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." 554 U.S. at ___, 128 S.Ct. at 2591. Rule 4.4(a)(3), Ala. R.Crim. P., specifically provides that the judge or magistrate presiding over the initial appearance must inform the defendant of his or her right to *550 retained or appointed counsel. During or after the initial appearance, if a defendant establishes that he or she is indigent and unable to obtain counsel, the procedure in Alabama is for the court to appoint counsel to represent the defendant. Thus, in practice, Alabama has been acting in accordance with the principles set forth in Rothgery.
Moreover, our holdings in Ex parte Stewart that a defendant's initial appearance conducted pursuant to Rule 4.4, Ala. R.Crim. P., is not a critical stage in the proceedings against the defendant and that a defendant is not entitled to the assistance of counsel at the initial appearance do not conflict with Rothgery and remain the law in this State. See Rothgery, 554 U.S. at ___, 128 S.Ct. at 2591 (noting that "the attachment question (whether formal judicial proceedings have begun)" is distinct from "the `critical stage' question (whether counsel must be present at postattachment proceedings unless the right to assistance is validly waived)").
In this case, Cooper's right to counsel with regard to the robbery offenses attached at the initial appearance. See McNeil v. Wisconsin, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991)(holding that "[t]he Sixth Amendment right [to counsel] ... is offense specific" and the attachment of the right to counsel applies only to the offenses upon which a prosecution has commenced). See also Texas v. Cobb, 532 U.S. 162, 167-68, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001). Moreover, the police interrogation of Cooper on August 1 was a "critical stage" in the criminal prosecution of the robbery offenses, and Cooper, absent a valid waiver, had the right to have counsel present at the interrogation regarding those offenses. See Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977)(holding, absent a valid waiver, a defendant's right to counsel was violated where judicial proceedings had been initiated and counsel was not present when a confession was obtained).
While this Court was conducting its examination of the record in this case, the United States Supreme Court issued a decision in Montejo v. Louisiana, ___ U.S. ___, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009). The facts in Montejo are similar to the facts in this case. Counsel was appointed for Montejo at his preliminary hearing, at which he was informed that he was being charged with first-degree murder. The police, unaware that counsel had been appointed for Montejo, approached Montejo, who was in confinement, and requested that he accompany them to locate the murder weapon. The police read Montejo his Miranda rights, and he agreed to go with them. During the excursion, Montejo wrote an inculpatory letter of apology to the victim's widow. At trial Montejo argued that the letter should be suppressed because the police had initiated the interrogation after his right to counsel had attached. See Michigan v. Jackson, 475 U.S. 625, 636, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986)(holding that "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid"). The letter was admitted at trial, and Montejo was convicted. The Louisiana Supreme Court affirmed Montejo's conviction, rejecting his argument that under the Jackson rule the letter should have been suppressed. Louisiana v. Montejo, 974 So.2d 1238 (La.2008). The United States Supreme Court granted certiorari review and overruled Jackson. Specifically, the United States Supreme Court rejected the Jackson Court's conclusion that a defendant's request for counsel at an *551 arraignment was an invocation of the Sixth Amendment right to counsel at every subsequent critical stage in the prosecution and held that "it would be completely unjustified to presume that a defendant's consent to police-initiated interrogation was involuntary or coerced simply because [the defendant] had previously been appointed a lawyer." Montejo, ___ U.S. at ___, 129 S.Ct. at 2088. The United States Supreme Court held that after the right to counsel has attached, "a defendant who does not want to speak to the police without counsel present need only say as much when he is first approached and given the Miranda warnings." Montejo, ___ U.S. at ___, 129 S.Ct. at 2089. Thus, a court must no longer presume a waiver of a right to counsel executed after the right to counsel has attached is invalid. A defendant must invoke his or her right to counsel, even if the right to counsel has attached and counsel has been appointed, and law-enforcement officers must have ignored that invocation to warrant consideration of the issue whether the defendant's waiver of his or her right to counsel is invalid.
In Montejo, the United States Supreme Court recognized that its holding in that case "changed the legal landscape" and that remand of the case was proper to determine whether Montejo had made a clear assertion of his right to counsel when the officers approached him for questioning after his right to counsel had attached. Like the decision in Montejo, our decision to overrule Ex parte Stewart has changed the legal landscape. Because of the limited scope of our certiorari review, see Ex parte Franklin, 502 So.2d 828 (Ala.1987)(recognizing that this court can address only those issues that are pleaded in the petition as grounds for certiorari review), we cannot reach the merits of the issue whether Cooper validly waived his right to have counsel present during the August 1 interrogation and, consequently, whether the trial court properly admitted into evidence Cooper's August 1 statement. We, therefore, remand this case to the Court of Criminal Appeals for such a determination.
The judgment of the Court of Criminal Appeals is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.[*]
WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and LYONS, J., concur in the rationale in part and concur in the result.
MURDOCK, J., concurs in the result.
SHAW, J., recuses himself.[**]
LYONS, Justice (concurring in the rationale in part and concurring in the result).
I concur in the main opinion except to the extent it discusses the continued efficacy of Ex parte Stewart, 853 So.2d 901 (Ala.2002). The main opinion states that this Court's holdings in Ex parte Stewart, that an initial appearance is not a critical stage in the criminal proceedings and that a defendant is not entitled to the assistance of counsel at the initial appearance, 43 So.3d at 550, remain the law in this *552 State. As to that discussion I concur only in the result reached in this case, lest I be understood as retreating from the views expressed in my dissenting opinion in Ex parte Stewart. See Ex parte Stewart, 853 So.2d at 905 (Lyons, J., dissenting) ("If Stewart's initial appearance had gone no further [than merely being informed of his constitutional rights], I would agree with the main opinion that an attorney would be unnecessary to protect Stewart at his initial appearance where it does not appear that the prosecutor was present. However, in this case something more than advice as to constitutional rights transpired at the appearance. Stewart's initial appearance before the district court was the first proceeding in which Stewart could challenge the amount of bail set in his case. The State, in its brief, failed to accord any significance to this fact, and the main opinion dismisses this fact in one paragraph.").
COBB, C.J., concurs.
NOTES
[1] See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[*] Note from the reporter of decisions: On November 6, 2009, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On December 18, 2009, that court denied rehearing, without opinion. On February 12, 2010, the Alabama Supreme Court denied certiorari review, without opinion (1090427). (The decision dated February 12, 2010, was actually released to the public on February 6, 2010.)
[**] Justice Shaw was a member of the Court of Criminal Appeals when that court considered this case.