Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

### CR-2024-0911

_____

**Christopher James Russell**

**v.**

**State of Alabama**

**Appeal from Madison Circuit Court**
**(CC-11-4443.62)**

KELLUM, Judge.

Christopher James Russell appeals the circuit court's summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his October 2012 guilty-plea convictions for one count of first-degree robbery and one count of second-

degree kidnapping and his resulting sentences of 25 years' imprisonment for each conviction. Russell did not appeal his convictions and sentences.

On June 7, 2024, Russell filed this, his third, Rule 32 petition.[1] In his petition, Russell alleged that the trial court lacked jurisdiction to accept his guilty pleas or to sentence him because, he said, he was denied his Sixth Amendment right to counsel and his right to counsel of choice during what he claimed were critical stages of the proceedings. He attached to his petition a copy of a supplement to an incident/investigation report in support of his claims. The State filed a response to the petition on August 23, 2024, arguing that Russell's claims were time-barred by Rule 32.2(c), Ala. R. Crim. P., and were meritless. On August 27, 2024, Russell filed a reply to the State's response, arguing that his claims were jurisdictional, and thus not subject to preclusion, and were meritorious. On September 29, 2024, the circuit court summarily dismissed Russell's petition, finding that his claims were meritless, were time-barred by Rule 32.2(c), were precluded by Rules

---

[1]This Court affirmed the circuit court's judgments summarily dismissing Russell's first and second petitions. Russell v. State (No. CR-12-1359), 168 So. 3d 180 (Ala. Crim. App. 2013) (table), and Russell v. State (No. CR-18-0880), 313 So. 3d 31 (Ala. Crim. App. 2019) (table).

32.2(a)(3) and (a)(5), Ala. R. Crim. P., and were insufficiently pleaded, and that Russell had failed to state a claim upon which relief could be granted. On October 7, 2024, Russell filed a postjudgment motion to alter, amend, or vacate the circuit court's judgment, again arguing that his claims were jurisdictional, and thus not subject to preclusion, and were meritorious.

On appeal, Russell reasserts the claims he raised in his petition and argues that the circuit court erred in not granting him relief. We disagree.

It is well settled that "[a] criminal defendant has a right to counsel at any 'critical stage' in the proceedings in which he or she is prosecuted and sentenced, ... that is, at any stage at which a substantial right of the accused may be affected." Ex parte Pritchett, 117 So. 3d 356, 358 (Ala. 2012). "Deprivation of the right to counsel is a jurisdictional bar to a valid prosecution." Thomas v. State, 8 So. 3d 1018, 1019 (Ala. Crim. App. 2008). See also Peake v. State, 196 So. 3d 1249, 1254 (Ala. Crim. App. 2015) ("The deprivation of the right to counsel during critical stages of a criminal prosecution is a jurisdictional issue that can be raised at any time."). Representation by counsel or an adequate waiver thereof at any

critical stage of the proceedings is a jurisdictional prerequisite to a valid conviction and sentence. See, e.g., Woodruff v. City of Pelham, 1 So. 3d 157, 159 (Ala. Crim. App. 2008), and the cases cited therein. "[I]t is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution." Coughlin v. State, 842 So. 2d 30, 33 (Ala. Crim. App. 2002). See also Berry v. State, 630 So. 2d 127, 130 (Ala. Crim. App. 1993) ("The constitutional 'right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.' People v. Carroll, 140 Cal. App. 3d 135, 140, 189 Cal. Rptr. 327, 331 (Cal. App. 2 Dist. [1983]).").

However, "a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." Kirby v. Illinois, 406 U.S. 682, 688 (1972). In Alabama, "a defendant's Sixth Amendment right to counsel attaches at the initial appearance." Ex parte Cooper, 43 So. 3d 547, 549 (Ala. 2009). In addition, the right to counsel does not apply to "'all post-attachment proceedings,'" Brown v. State, 11 So. 3d 866, 900

4

(Ala. Crim. App. 2007) (quoting Ex parte Stewart, 853 So. 2d 901, 903 (Ala. 2002), overruled on other grounds by Ex parte Cooper, supra)), aff'd, 11 So. 3d 933 (Ala. 2008), but "'only to "critical stages" of the proceedings against the defendant.'" Vanpelt v. State, 74 So. 3d 32, 75 (Ala. Crim. App. 2009) (quoting United States v. Lewis, 483 F.3d 871, 873 (8th Cir. 2007)).

With these principles in mind, we address each of Russell's claims in turn.

## I.

Russell first alleged in his petition that he was denied his right to counsel when his codefendant, Nakia Jolly, identified him during her interview with police. Russell alleged that Jolly identified him "as the main person behind the event" (C. 16.) "in some type of line-up in which [his] counsel was not present." (C. 17.) Russell also alleged that, after Jolly identified him, the prosecutor decided to charge Russell with robbery and kidnapping and sought an arrest warrant for Russell, which police later executed. According to Russell, the fact that an arrest warrant was sought and executed for him after Jolly identified him

"confirms that [Jolly's identification of him] was a critical stage in the proceedings." (C. 16.)

Based on Russell's pleadings, including the attachment to his petition,[2] it is clear that Jolly's identification of him took place the same day as the crimes, before any adversarial proceedings had been initiated against Russell. Because Russell had no Sixth Amendment right to counsel before adversarial proceedings were initiated against him, he could not have been denied his right to counsel when Jolly identified him the day of the crimes. Indeed, it is well settled that a preindictment lineup is not a critical stage of the proceedings at which a defendant is entitled to counsel. See Kirby, 406 U.S. at 683 (holding that the right to counsel does not extend to lineups that take place "before the defendant ha[s] been indicted or otherwise formally charged with any criminal offense"); Lundy v. State, 484 So. 2d 1132 (Ala. Crim. App. 1985) (holding

---

[2]"Although a Rule 32 petitioner is not required to include attachments to his or her petition in order to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), when a petitioner does so, those attachments are considered part of the pleadings." Conner v. State, 955 So. 2d 473, 476 (Ala. Crim. App. 2006). See also Ex parte Lucas, 865 So. 2d 418 (Ala. 2002) (holding that attachments to a Rule 32 petition are considered part of the pleadings).

6

that the general principle that a lineup is a critical stage of the proceedings during which a defendant is entitled to counsel applies only to postindictment lineups, not to preindictment lineups); Thornton v. State, 55 Ala. App. 462, 464, 316 So. 2d 710, 711 (1975) (holding that the defendant was not denied his right to counsel when he was identified in a lineup "before any formal charges were placed against the defendant"); and Thomas v. State, 50 Ala. App. 227, 278 So. 2d 230 (1973) (holding that the defendant was not entitled to counsel when a rape victim identified the defendant in a lineup the day after the offense and before the defendant was charged).

In addition, Russell did not allege in his petition that he had personally appeared in a lineup; his pleadings indicate that, at most, Jolly identified him from a photographic lineup. "[T]he Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender." United States v. Ash, 413 U.S. 300, 321 (1973). See also Musgrove v. State, 144 So. 3d 410, 453 (Ala. Crim. App. 2012) (recognizing that a defendant has no right to counsel at a "pre-indictment, pretrial photographic lineup"); Bone v. State, 706 So.

2d 1291 (Ala. Crim. App. 1997) (holding that a defendant does not have the right to have counsel present at a preindictment photographic lineup); and Cross v. State, 351 So. 2d 698 (Ala. Crim. App. 1977) (recognizing that a defendant has no right to counsel during a photographic lineup).

For these reasons, Russell's claim that he was denied his right to counsel when Jolly identified him is meritless on its face.

II.

Russell also alleged in his petition that he was denied his right to counsel when he consented to the police searching his cellular telephone. The attachment to Russell's petition indicates that on June 11, 2010, the day after the crimes, Russell was arrested and brought to the police station for questioning. After being advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), Russell indicated that he was willing to talk with police but only if he had an attorney present. Russell was unable to find an attorney to come to the police station that day. Russell was then "transported to the Metro Jail," and "[h]e responded back to the [police station] on 6-18-10, along with his mother[,] ... to pick up his cell

phone."[3] (C. 22.) At that time, police asked Russell for consent to search the phone, and Russell signed a consent form agreeing to the search. After "[a] brief examination" of the phone, it was returned to Russell, and Russell "again advised he would meet with [police] soon to discuss the incident." (C. 22.)

The United States Court of Appeals for the Eleventh Circuit has held "that a consent to search situation is not a critical stage of the proceedings against an accused." United States v. Hildago, 7 F.3d 1566, 1570 (11th Cir. 1993). The Court explained:

> "The request for a consent to search is not a trial-like confrontation where the absence of counsel poses a threat of substantial prejudice to the accused like that posed by the absence of counsel at a [post-indictment] pretrial lineup, or a pretrial interrogation. Instead, it is more analogous to a request for other types of physical evidence, such as handwriting exemplars, blood samples, and the like, or to a photographic display."

Id. The United States Court of Appeals for the Second Circuit has similarly held that "a consent to search is not a critical stage of a criminal litigation." United States v. Kon Yu-Leung, 910 F.2d 33, 34 (2d Cir.

---

[3]Although not asserted by Russell in his petition, it is clear that he was released from jail at some point in the week between his arrest and his returning to the police station.

1990). This is so, the Court held, because "[n]o confrontation occurred" and because "[n]o evidence was generated, as in the case of incriminating testimony, that was not already in existence and virtually certain to be available to government in due course." Id. at 39-40. See also United States v. Cooney, 26 F. App'x 513, 523 (6th Cir. 2002) (not selected for publication in the Federal Reporter) ("A defendant's consent to search is not a critical state of the proceedings.").

In each of the above cases, the consent to search was obtained after adversarial proceedings against the defendant had begun and the right to counsel had attached. Nonetheless, the courts in each case concluded that the request to search was not a critical stage of the proceedings. We agree. Therefore, the police asking Russell for consent to search his phone when Russell returned to the police station to retrieve the phone was not a critical stage of the proceedings at which Russell was entitled to counsel, and his claim to the contrary is meritless.

## III.

Finally, Russell alleged in his petition that he was denied his right to counsel of choice. Although the erroneous deprivation of the right to counsel of choice constitutes structural error, see United States v.

Gonzalez-Lopez, 548 U.S. 140 (2006), structural errors are not jurisdictional, see Ex parte Gillentine, 980 So. 2d 966, 971 (Ala. 2007). Because this claim is not jurisdictional, it is subject to the preclusions in Rule 32.2. Specifically, this claim is time-barred by Rule 32.2(c) because Russell filed his petition almost 12 years after his convictions and sentences became final.[4]

IV.

Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."

See also Hannon v. State, 861 So. 2d 426, 427 (Ala. Crim. App. 2003); Cogman v. State, 852 So. 2d 191, 193 (Ala. Crim. App. 2002); and Tatum v. State, 607 So. 2d 383, 384 (Ala. Crim. App. 1992). "Summary disposition is also appropriate when the petition is obviously without

---

[4]We note that this claim appears to be nothing more than a reiteration of the claim that Russell was denied his right to counsel when he consented to the search of his phone. Therefore, the claim is also meritless for the reasons stated in Part II of this opinion.

merit or where the record directly refutes a Rule 32 petitioner's claim."

Lanier v. State, 296 So. 3d 341, 343 (Ala. Crim. App. 2019). Because all of Russell's claims were either meritless or precluded, summary disposition of Russell's Rule 32 petition was appropriate.

Based on the foregoing, the judgment of the circuit court is affirmed.

AFFIRMED.

Windom, P.J., and Cole and Minor, JJ., concur. Anderson, J., concurs in the result.